CARR v. PENNSYLVANIA R. CO.

(Supreme Court, Appellate Term. March 21, 1905.)

CARRIERS—DIVERTING CARS FROM DESTINATION—RIGHT OF SHIPPER.

A shipper of freight has no right to have a car diverted en route from the destination provided in the bill of lading to another, without paying a reasonable charge therefor.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Charles Herbert Carr against the Pennsylvania Railroad Company. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

Cornelius Doremus, for appellant.
Robinson, Biddle & Ward, for respondent.

BLANCHARD, J. This is an appeal by the plaintiff from a judgment dismissing the complaint. The pleadings were verified in June, 1903. The plaintiff delivered to a southern railroad several car loads of lumber consigned to himself at Philadelphia. In due course the cars containing the lumber came into the hands of defendant, and arrived at Philadelphia. Prior to their arrival the plaintiff had sold the lumber to one Lear, and notified the defendant by mail to change the destination of the cars, and deliver the lumber to Lear. The change of destination necessitated a diversion of the cars to another station. The defendant, in its answer, denies that it received any notice of change of destination; but the lumber was finally delivered to Lear, who was compelled to pay charges upon it for demurrage and other freight and charges, amounting to $95.28, in addition to the regular charges. It was to recover this sum of $95.28 that this action was brought. The plaintiff contends that the defendant should have obeyed his notice to divert the cars when they were en route, and thereby avoided the extra expense. It appears that Lear paid the extra expenses without protest, but, when he came to settle with the plaintiff for the lumber, he charged the amount so paid to the plaintiff.

We are of opinion that the plaintiff failed to show that he is entitled to recover. Lear paid the amount to the defendant which the plaintiff seeks to recover, and there is nothing in the record to show the assignment of the claim from Lear to the plaintiff, nor is it alleged in the complaint. The defendant was under no duty to divert the cars, as the terms of shipment were expressed in the bill of lading. The performance of the contract contained in the bill of lading was all the plaintiff could exact from the defendant. A right on the part of a shipper to divert traffic at will might seriously inconvenience the carrier, and to uphold it would be to force a different contract upon the carrier from that which it had made. Carriers are in business for gain, and, when a shipper wishes to have traffic diverted, as in this case, the law implies an agreement to pay a reasonable charge

for the diversion. There is no claim that the charge made by the defendant is unreasonable in amount, nor any evidence that the charge made was excessive.

The judgment should be affirmed, with costs. All concur.